The judgment of the Court was announced by
DaRSAN, Ch.
The judgment of the Court in this case turns upon the construction of Charles J. Brown’s will. The language of the bequest in question is as follows : “ I give and bequeath to my loving daughter, Susan Cynthia Brown, and the heirs of her body, all my wordly estate, both real and personal; provided, if my said daughter, Susan Cynthia Brown, should happen to die without living issue of her body, then and in that case all my said estate, both personal and real, to return to the nearest heirs of my body by my mother’s lineage.”
The Chancellor who heard this cause on circuit, held, that as *380 to tbe real estate, tbe will created a fee conditional; and that part of tbe circuit decree has heretofore been affirmed by this Court.He also held, that Susan Cynthia Brown took, under the above recited bequest of the will, an absolute estate in the personal property. A majority of the Court concurs, also, in this part of the circuit decree, but a majority does not concur in all the reasoning by which the Chancellor has arrived at his conclusion. The Chancellor says: “ if the word ‘ living ’ were omitted, and the-limitation over had been upon Susan’s dying without issue, it admits of no doubt, that this would not have been a limitation over to take effect definitely at Susan’s death, but at any time after her 'death, however remote; that is, as the cases have ruled, upon an-indefinite failure of issue.” This is unexceptionable. Thus far, the reasoning is satisfactory, and the principle well illustrated,But when the Chancellor proceeds to say, that the word ‘ living’ prefixed to the word ‘ issue’ affords.no qualification, and that the words “ if she should happen to die without living issue of her body,” are not restrictive, and mean no more than if the testator had said, “if she should happen to die without issue of her body,” a majority of the Court dissents. We are of the opinion that the expression, “ if she should happen to die without living issue of her body,” then over, is equivalent to the words, “if she should die without leaving issue ” or “without issue living at her death;” both of which forms of expression, when there is a gift to the issue (though in general words) in the direct bequest, with a limitation over, have been held, in numerous cases, to be restrictive. As for example: where there is a direct gift to the issue in general words, which, standing by themselves, and unaided by the context, would fail as a limitation to the issue as purchasers, yet if it be followed by an ulterior and valid limitation over to fake effect in the event of the first taker’s dying without leaving issue, or without issue living at his death, it is settled law, that Such explanatory provisions of the will have the effect in reference to personal estate of restricting the primary and technical ■sense of the words, “ heirs of the body ” or “ issue,” so as to make *381 them mean, not the issue or beirs of the body in indefinite succession, but a class of persons who shall be living at the death of the first taker. By this construction without violating the rules of law against perpetuities, the issue take, as purchasers, under the words of the direct, but otherwise general and indefinite gift. I am unable to distinguish between the cases by which the-foregoing rule has been established and that now before the Court. I think that the expression “ dying without living issue,” implies a dying without issue living at the death of the first taker — and such is the opinion of a majority of this Court. So that the failure of Susan Cynthia Brown’s issue to take as pugjpbasssgj^U not result from that part of the will.
But there is another question arisin® upon mi ^^raStóon of Charles J. Brown’s will, which divides Mtf^^baKrasses tins ©ourt-The limitation over which the testatoffW attei&pi;e£$jfc|i.' qrejate, is to the nearest heirs of his body of his )koláí^>s lineage. is impossible to designate the persons embracelf,tíj^?It!Íi^e|cription. It is utterly unmeaning. So far as certainty is cbim&sfiféa he might as well have given the estate to the most virtuous man in the State, or to some imaginary personage. The limitation over is void for uncertainty. And the question which remains is, whether this ulterior and void limitation is sufficient to reflect back such a restrictive meaning upon the general words of the direct gift to the issue as to make them take as purchasers. Upon this question, after two arguments at the bar, and much deliberation and research, the Court has been unable to harmonize in opinion. And if the adjudication of the case depended upon a decision of this question, there could be no disposition of it, by this Court, on account of differences of opinion.
Eor myself, I think, that the will must be read and construed as if the void limitation over had not been inserted. I have heretofore been of the opinion, that it must be a valid limitation over, to have the effect of qualifying the generality of the words of the direct gift to the issue, so as to make them take as purchasers. And I have heard nothing in the recent discussions upon the sub *382 ject, nor baye I been able to find any in the way of authority, to shake my previous opinion.
A gift to A., and if A. should die without issue living at the time of his death, then to B. is unquestionably a good limitation to B., if the contingency happens upon which he was to take. And if it does not happen A. retains an absolute estate. In this case the issue of A. do not take as purchasers, because nothing is intended to be granted to them in the words of the direct gift. Their existence or non-existence at the death of A., like any other contingent event, is simply made the condition upon which the remainder to B. depends.
A gift to A. and to his issue, or the heirs of his body, and if he should die without leaving issue or heirs of his body, then to B. is a good limitation to B. as in the preceding illustration ; and will take effect if A. should die without leaving issue, or heirs of his body. But in this case, the testator intends a direct gift, though in general and in definite terms, to the issue of A., and A. will take only a life estate, and his issue will take in remainder as purchasers. The valid limitation over to B. has, by a fair construction, the effect of qualifying the generality of the words of the direct gift to the issue of A., so as to make them mean the issue of A. living at his death.
It is equally clear that a gift to A. and the issue or heirs of his body, without any limitation over, or other words indicating that the testator meant to embrace in the direct gift only the issue of A., who should be living at his death, confers upon A. an absolute estate. In other terms, “issue,” or “heirs of the body, ” unrestricted and unexplained, are words of limitation and not of purchase. So far there cannot possibly be any difference of opinion.
But some of the members of this Court are of the opinion, that in the case of Charles J. Brown’s will, the abortive attempt to create the limitation over, has the effect of cutting down the estate of Susan Cynthia Brown to a life estate, with remainder in fee to the children. Other members of the Court think that the *383 estate of Susan Cynthia Brown, absolute by the words of the direct gift, is not to be cut down to a life estate, by a limitation over, which was yoid by its own inherent defects. The last is my own opinion, as I have already intimated.
The whole argument on thé other side proceeds upon the unfounded assumption, that an interest is given to the issue of the first taken by the terms of the direct gift. This is a great mistake. The issue are mentioned in the clause of the direct gift, but not in a manner to give them an estate. The whole estate, according to the rules of law, is in the first instance given as absolutely to Susan Cynthia Brown as the forms of language admit of. This will not he disputed.
Is this absolute gift to be divested or cut down by an ineifec-tual limitation over ? The case of Henry & Talbird vs. Archer, Bail. Eq. 535, decides, that a good limitation over may reflect a restrictive meaning upon the general words of the direct gift, and so qualify the word “issue” in the direct gift as to make it mean issue living at the death of the first taker. But is there any authority for saying that a bad limitation over will have that effect ? The authorities are the other way.
“ An original vested gift shall not be qualified by a subsequent gift engrafted on it, which the law will not allow to take effect, as by a gift over which is void, by reason of its being too remote.” 2 Wms. on Ex’ors. 1087; Blease vs. Burgh, 2 Beav. 221; Ring vs. Hardwick, 2 Beav. 352. “ And the rule is general, that an absolute interest is not to he taken away by a gift over, unless the gift over may itself take effect.” 2 Wms. on Ex’ors. 1087; Green vs. Harvey, 1 Hare, 428 ; Winckworth vs. Winckworth, 2 Beav. 576 ; Eaton vs. Barker, 2 Coll. 124.
In Jackson vs. Noble, 2 Keen, 590, the testator gave real and personal property to his daughter A. and two other persons, in trust, to permit A. to receive the rents and profits for life to her separate use, and after her decease in trust to convey the estate to A’s. heirs, executors, &c.; but in case A. should marry and have no children, then the testator gave the property to B.; or in case *384 of his. decease before A., then to B’s. children. The testator’s daughter married, but had no children; and B. died in her life without issue. The Master of the Bolls held that the testator’s daughter, A., took an absolute equitable estate, with an executory gift over to B. and his children; and that B. having died without children in the life time of A., the absolute title of the latter remained undefeated.
Mr. Jarman, (1st vol. on Wills, 183,) in commenting on this case, says, “so if the executory devise were void on account of its remoteness, or for any other cause, the prior devise would be absolute.” He proceeds to say, “ On the same principle, it would seem to follow, that, if personal estate were bequeathed in terms which, standing alone, would confer the absolute interest, and there followed a bequest over in a certain event to a person for life, the first legatee would, (subject to such exe-cutory gift for life,) be absolutely entitled. It might appear to be a farther deduction from this doctrine, that if the second gift were a contingent bequest of the entire interest in the property, and not for life only and such contingent and substituted bequest failed in event, the prior legacy, in derogation of which the same was to take effect, would remain absolute.”
Thus it appears to be a doctrine well-sustained by the authorities, that where the words of the direct gift would confer on the first taker an absolute estate, such absolute estate is not to be cut down or defeated, by a subsequent contingent limitation over, which is ineffectual. This was clearly Chancellor Harpek’S opinion. For in Henry & Talbird vs. Archer, (Bail. Eq. 550) he remarks ; “ I believe it may be safely said, that there is no adjudged ca.se, except that of Lyon vs. Mitchell, of such limitation to issue, in which, the questions of the first taker’s being restricted to less than an absolute estate, and the goodness of the limitation over, were not regarded as identical.” And I may conclude these observations by saying, that, in all the discussions which we have had, at the bar, and in the consultation room, no case has been presented, where the absolute estate given to the first taker by the *385 words of tbe direct gift, has been cut down or restricted to a life-estate, by a limitation over, which was bad for any cause.
A majority of the Court, though upon different grounds, concur in the opinion, that the issue of Susan Cynthia Brown, (after-wards Susan Cynthia Hay,) do not take as purchasers under the bequests of Charles J. Brown’s will.
The circuit decree is in that respect affirmed, and the appeal from that part of the circuit decree is dismissed.
Wardlaw, Ch. concurred.
JoiinstoN, Oh.
Upon the point on which the Court is now to give judgment, I am still of the same opinion which I expressed in the decree.
I am not sufficiently satisfied with the ground upon which my brethren DargaN and Wardlaw have put the case, to adopt their opinion, at present.
I do not perceive the force of the objections made to the view I expressed in the decree, that the word “ living ” does not add to, or vary, the meaning of the word “ issueto which it is prefixed. It is merely superfluous, — as are the words following, — . “ of her body" Instances of such superfluous language are very common in the cases, and wherever they occur, do not vary the decision which would have been made had they been wanting.
If the testator had made the limitation over to take effect if his daughter Susan should happen to “ die without issue of her body” —his meaning would certainly have been without issue alive, or living. The addition of the words alive or living would have served no purpose whatever. They would not have served to fix the time at which the limitation over is to take effect — which is the important, and, indeed, the only point of our inquiry here.
It is assumed here, that the word “ living ” means living at her death: but I conceive it has no such meaning.
The reference, by one of my brethren, to the case of Henry & Talbird vs. Archer, is, in my conception, very unfortunate : and does not serve to destroy, but rather to elucidate the principle upon *386 which the circuit decree, in this case, is put. The will, in that case, is, that, if either of the daughters should die without leaving issue alive, then over. It was not the word “alive” (equivalent to “ living,” in the- present case), that fixed the juncture for the limitation over to take effect: nor did the Court give it any such effect. The time was fixed solely by the word “ leaving.”
In this case there is no such word, nor any other word of the same efficacy.
There is not a single word of time in the sentence of Brown’s will under examination. Die without issue, by well-settled rules, means an indefinite failure of issue : refers to a time when, after the death of the party, he shall be without issue — meaning always issue alive or living. And unless there be something in the will besides, to fix the time, at the death of the party, it is too remote and indefinite.
But, as my brethren, DaRGAN and Wardlaw, come to the same result with me, I concur with them in affirming the decree, and dismissing the appeal.